50C01-2212-CT-000038     Filed: 12/6/2022 9:39 AM
Clerk
Marshall Circuit Court     Marshall County, Indiana

USDC IN/ND case 3:22-cv-01056-RLM-MGG document 3 filed 12/06/22 page 1 of 6

| | | |
|---|---|---|
| **STATE OF INDIANA** ) | | **IN THE MARSHALL _____ COURT** |
| ) SS: | | |
| **COUNTY OF MARSHALL** ) | | **SITTING IN PLYMOUTH, INDIANA** |

MICHAEL MCKENNA, )
       Plaintiff, )
        )
vs. )     CAUSE NO:
        )
WAL-MART REAL ESTATE BUSINESS )
TRUST, WAL-MART STORES EAST, LP, )
and WAL-MART STORES, INC., )
       Defendants. )

## COMPLAINT FOR PERSONAL INJURY AND JURY DEMAND

MICHAEL MCKENNA, (hereinafter "Michael") by CUSTY LAW FIRM, LLC, for his Complaint against the Defendants, WAL-MART REAL ESTATE BUSINESS TRUST ("Wal-Mart Trust"), WAL-MART STORES EAST, LP ("Wal-Mart Stores East"), and WAL-MART STORES, INC. (Wal-Mart Trust, Wal-Mart Stores East and Wal-Mart Stores, Inc. hereinafter, collectively, "Wal-Mart"), alleges and states:

1. At all times relevant, Michael was a resident and citizen of St. Joseph County, Indiana.

2. Wal-Mart Real Estate Business Trust is a business trust organized under the laws of Delaware with a principal office address of 702 SW 8th Street, Bentonville, Arkansas, 72716.

3. Wal-Mart Stores East, L.P. is a non-governmental limited partnership formed under the laws of Delaware. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, L.P. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. The parent company of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc.

1

4. Wal-Mart Stores, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business at 702 SW 8th Street, Bentonville, Arkansas, 72716.

5. Wal-Mart is registered with the Indiana Secretary of State and can be served through its registered agent at CT Corporation System, 334 North Senate Avenue, Indianapolis, Indiana 46204.

6. This action arises from business of Wal-Mart done in the state of Indiana as well as acts or omissions done within the state causing personal injury to Michael.

7. Wal-Mart owned, operated, managed, maintained, or controlled a store located at 2505 N. Oak Drive, Plymouth, Indiana 46563 commonly known as Wal-Mart #1978 (the "Premises") which was open to the public to sell goods and products for profit.

8. As part of its business, Wal-Mart invited and encouraged the public to enter the Premises and purchase bicycles and other products.

9. At all times relevant, Wal-Mart owned, operated, managed, maintained, and controlled the Premises, had the authority to implement policies to detect hazardous conditions on the Premises, and through its agents and employees or individually, had the duty to maintain the Premises and its surfaces and either correct or warn others of hazardous conditions. Wal-Mart had sufficient control to prevent, repair or warn of the defective condition or conditions at issue in this matter.

10. On or about December 15, 2020, Michael was an invitee of Wal-Mart at the Premises to purchase products. Wal-Mart, through its agents and employees, permitted Michael to enter the Store and did not object to Michael entering and remaining on the Premises during that period.

## COUNT I
### *(Negligence)*

11. Plaintiff incorporates the foregoing allegations as if set forth fully herein.

12. On or about December 15, 2020, Wal-Mart owed Michael and others a duty as an owner, operator, occupier or manager of the Premises to exercise ordinary care to see that the Premises was reasonably safe for the use of those lawfully on the Premises.

13. Wal-Mart owned or occupied the Premises with an intent to control it.

14. Alternatively, if Wal-Mart did not own or occupy the Premises with an intent to control it, Wal-Mart carried out acts for the owner or possessor of the Premises and is subject to liability as if it possessed the Premises.

15. Further, if Wal-Mart did not own or occupy the Premises with an intent to control it, Wal-Mart was required to exercise the general duty of reasonable care to prevent harm towards others.

16. On or about December 15, 2020, contrary to a duty of care owed, Wal-Mart was negligent in one or more of the following ways, *inter alia:*

   (a) Created or allowed to continue a dangerous condition that existed at the Premises for a sufficient length of time to detect, repair, or warn others of the condition and failed to detect or ameliorate the condition;

   (b) Failed to reasonably inspect and monitor the Premises for dangerous or potentially hazardous conditions on the Premises;

   (c) Knew or should have known that a condition existed at the Premises and realized that it created an unreasonable danger to an invitee such as Michael;

   (d) Should have expected that an invitee would not discover or realize the danger of the condition(s) or would fail to protect himself or herself against it;

   (e) Failed to take proper measures to ensure the bicycle racks of the Premises were kept in safe condition;

   (f) Failed to use reasonable care to protect any invitee from the dangerous condition(s) at the Premises;

3

(g) Failed to warn invitees and users of the Premises of the dangerous condition(s) at the Premises;

(h) Failed to implement reasonable inspection policies so that the dangerous condition(s) at the Premises would have been discovered before an invitee could encounter the dangerous condition(s) and be harmed;

(i) Failed to implement reasonable policies so that any dangerous condition would be escalated and remedied in a reasonable manner so as to prevent harm from invitees;

(j) Knew that a dangerous condition existed for a sufficient time and failed to give adequate warning of the condition to invitees such as Michael;

(k) Failed to warn Michael of any dangerous or potentially hazardous condition of the bicycle racks;

(l) Failed to reasonably anticipate that Michael would be injured due to a hazardous condition of the bicycle racks;

(m) Failed to otherwise prevent Michael from being injured due to a hazardous condition of the bicycle racks;

(n) Carelessly and negligently permitted persons, including Michael to be by the bicycle racks when they knew or should have known that said bicycle racks were in a dangerous and hazardous condition;

(o) Failed to discover the dangerous condition(s) that existed at the Premises after the condition had existed for sufficient time when it should have been discovered and corrected;

(p) Failed to otherwise maintain its Premises in a reasonably safe condition for the protection of its guests, including Michael;

(q) Failed to take necessary and reasonable steps in removing dangerous conditions or potentially hazardous conditions of the bicycle racks before an invitee could encounter the dangerous condition and be harmed;

(r) Failed to maintain the Premises in such a way to not cause injury to invitees;

(s) Failed to provide a safe environment for invitees;

(t) Failed to ensure that the Premises were safe, suitable, and proper for invitees; and/or

(u) Behaved otherwise differently than a reasonable owner, occupier, manager or other person or entity would have under the same or similar circumstances.

17. As a direct and proximate result of the negligence of Wal-Mart, Michael was struck in the eye by a bicycle rack, resulting in severe personal injuries.

18. Defendant Wal-Mart failed to warn Michael of any dangerous condition that caused the injury or address it in any way.

19. As a direct and proximate result of the conduct of Wal-Mart, Michael was physically injured, suffered and continues to suffer emotional distress and sustained other personal injuries; incurred hospital, diagnostic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, and loss of enjoyment of life; and incurred other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, MICHAEL MCKENNA, seeks the entry of judgment in his favor and against Defendants WAL-MART REAL ESTATE BUSINESS TRUST, WAL-MART STORES EAST, LP, and WAL-MART STORES, INC. for compensatory damages in an amount to be determined herein, prejudgment interest, for the cost of this action, and for any and all other relief that the Court and Jury may deem proper under the circumstances.

## COUNT II
### (Negligence - Res Ipsa Loquitur)

20. Plaintiff incorporates the foregoing allegations as if set forth fully herein.

21. That the occurrence of a bicycle rack hitting someone when they are in a store is one that ordinarily would not happen in the absence of negligence.

22. That Wal-Mart had exclusive control over the bicycle rack that injured Michael.

23. That the occurrence of the bicycle rack hitting and causing injuries to Michael was not caused by Michael's own negligent act or omission.

24. As a direct and proximate result of one or more of Wal-Mart's negligent acts and omissions, Michael, was struck by the bicycle rack, was physically injured, suffered and continues to

5

suffer emotional distress and sustained other personal injuries; incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, and loss of enjoyment of life; and incurred other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, MICHAEL MCKENNA, seeks the entry of judgment in his favor and against Defendants WAL-MART REAL ESTATE BUSINESS TRUST, WAL-MART STORES EAST, LP, and WAL-MART STORES, INC. for compensatory damages in an amount to be determined herein, prejudgment interest, for the cost of this action, and for any and all other relief that the Court and Jury may deem proper under the circumstances.

Respectfully submitted,

CUSTY LAW FIRM, LLC

/s/ Brian N. Custy
Brian N. Custy (IN 26329-64)
4004 Campbell Street, Suite 4
Valparaiso, Indiana 46385
219-286-7361
bcusty@custylaw.com

## JURY DEMAND

Comes now Michael McKenna who respectfully demands trial by jury.

Respectfully submitted,

CUSTY LAW FIRM, LLC

/s/ Brian N. Custy
Brian N. Custy (IN 26329-64)

6